# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHERILLE S. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1191 CAS |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant John E. Potter's Motion to Dismiss, or Alternatively, for Summary Judgment. Pro se plaintiff Sherille S. Harris opposes the motion and defendant has filed a reply. For the following reasons, the Court will grant the motion to dismiss in part and grant the alternative motion for summary judgment.

**Background**.

Plaintiff, an employee of the United States Postal Service, filed a Complaint alleging that she was discriminated against, retaliated against, and subjected to a hostile work environment when management interviewed her about a "Mystery Shopper" incident, when management informed her she might be disciplined, and when management allowed a coworker to end his shift early and left plaintiff to work at a postal customer service window by herself. Plaintiff contends that she was discriminated against on the basis of her race (African-American), sex (female), age (41), and disability (depression), and retaliated against for engaging in prior EEO activity.

In addition to responding to defendant's motion, plaintiff also sought leave to file an amended complaint. The Court granted leave to amend, but stated that it would consider defendant's motion as having been filed with respect to the amended complaint. See Order of January 14, 2009 (Doc. 15). No party asked for additional briefing and this matter is ready for decision.

**Summary Judgment Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. See Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

**Facts**.[1]

1. Plaintiff, Sherille Harris, is an employee of the United States Postal Service and employed as a Window Clerk at the Maryland Heights Post Office in Maryland Heights, Missouri. (Plaintiff's Formal EEO Complaint of Discrimination, Ex. A to Def.'s Mem. Supp. Mot. to Dismiss or for Summ. J.).

2. Plaintiff filed a formal EEO Complaint of Discrimination in the Postal Service on November 14, 2007, alleging that she was discriminated against and retaliated against when management interviewed her about a "Mystery Shopper" evaluation on August 16, 2007, when management informed her she might be disciplined due to the "Mystery Shopper" evaluation on

---

[1]The Court adopts defendant's Statement of Uncontroverted Material Facts. This statement of facts is supported by defendant's declaration and exhibits. Further, plaintiff has not disputed defendant's statement of the facts. Because plaintiff failed to submit a statement of material facts as to which she contends a genuine issue exists, as required by Local Rule 4.01(E), for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

August 22, 2007, and when she was allegedly subjected to unfair treatment as compared to a coworker on August 13 and 14, 2007. (Def.'s Ex. A).

3. Plaintiff asserted that she was discriminated against on the basis of her race (African-American), color (Black), sex (female), age (41), retaliation (prior EEO activity), and disability (physical and mental). (Def.'s Ex. A).

4. Shortly thereafter, defendant dismissed plaintiff's formal EEO Complaint for failure to state a claim in accordance with 29 C.F.R. § 1614.107(a)(1). (December 6, 2007 Dismissal of Formal EEO Complaint, Def.'s Ex. B).

5. Plaintiff appealed the dismissal, and the Equal Employment Opportunity Commission subsequently issued a decision affirming the defendant's dismissal, agreeing that plaintiff failed to state a claim. (March 13, 2008 EEOC Decision, Def.'s Ex. C).

6. Plaintiff then requested reconsideration of the EEOC's decision but the Commission denied her request as failing to meet the criteria of 29 C.F.R. § 1614.405(b). (May 15, 2008 EEOC Denial, Def.'s Ex. D).

7. Plaintiff's last EEO complaint, prior to the one which is the subject of this federal lawsuit, was closed on February 15, 2006. (Plaintiff's EEO Complaints History, Def.'s Ex. E; Plaintiff's EEO Investigative Affidavit, Case No. 4J-630-0019-05, Def.'s Ex. F.; Declaration of Vickye R. Byron, Def.'s Ex. G).

8. Plaintiff did not amend her EEO Complaint, Case No. 4J-630-0103-07, which is the subject of this lawsuit, to add any additional claims. (Byron Declaration, Def.'s Ex. G).

9. Plaintiff filed her first federal lawsuit, <u>Sherille Harris v. John E. Potter, Postmaster General</u>, Case No. 4:04-CV-753 CEJ (E.D. Mo.), on June 17, 2004. (Complaint, Def.'s Ex. H).

4

10. Plaintiff filed her second federal lawsuit, <u>Sherille Harris v. John E. Potter, Postmaster General</u>, Case No. 4:05-CV-2109 CEJ (E.D. Mo.), on November 10, 2005. (Complaint, Def.'s Ex. I).

11. Plaintiff filed her third federal lawsuit, <u>Sherille Harris v. United States Postal Service</u>, Case No. 4:06-CV-700 DDN (E.D. Mo.), on April 28, 2006. (Complaint, Def.'s Ex. J).

12. A "Mystery Shopper" is generally an individual contracted from outside the Postal Service who shops as a customer at various Postal Service facilities. The Postal employees are not aware that the individual is anything other than a customer. After the "Mystery Shopper" completes her transaction, she fills out a questionnaire rating the performance of the Postal customer service employee. (Declaration of Thomasine S. Branneky, Def.'s Ex. K).

13. In this case, the Mystery Shopper was Linda Roever, a Postal Service employee and the Officer-In-Charge of the St. Peters Post Office. (Original Complaint at 1).

14. Plaintiff filed her fourth and current federal lawsuit on August 15, 2008.

**Discussion**.

**A. Discrimination Claims**

To order to establish a prima facie case of employment discrimination, a plaintiff must show that: "(1) she is a member of a protected group; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees who are not members of the protected group were treated differently." <u>Box v. Principi</u>, 442 F.3d 692, 696 (8th Cir. 2006) (cited case omitted).

Defendant moves for summary judgment on plaintiff's discrimination claims on the basis that she cannot establish a prima facie case because she cannot show she suffered an adverse employment

5

action. Defendant states that plaintiff has alleged she was discriminated against when she was brought into the manager's office to discuss an incident involving a Mystery Shopper incident when she was informed she might be disciplined as a result of the Mystery Shopper incidents, and when a coworker was allowed to end his shift early, which left her alone on the customer service window. Defendant states that plaintiff has not alleged that she was disciplined from the Mystery Shopper incident, that her compensation or benefits were changed, or that her working conditions were changed significantly. Instead, defendant asserts that plaintiff complains of a few incidents that clearly made her unhappy, but none of which constitute a materially adverse impact on plaintiff's employment. Defendant asserts that plaintiff failed to allege how any of these incidents made any impact at all on her employment, and because plaintiff cannot set forth facts establishing she was subjected to an adverse employment action, she cannot state a claim of discrimination on any basis.

To establish a prima facie case, a discrimination plaintiff has the burden to prove the existence of an employment action that adversely and materially altered the terms or conditions of her employment. See Altonen v. City of Minneapolis, 487 F.3d 554, 560 (8th Cir. 2007). "Although actions short of termination may constitute adverse actions within the meaning of the statute, not everything that makes an employee unhappy is an actionable adverse action." Devin v. Schwan's Home Service, Inc., 491 F.3d 778, 789 (8th Cir. 2007) (cited case omitted). "Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard, as would circumstances amounting to a constructive discharge." Higgins v. Gonzales, 481 F.3d 578, 584 (8th Cir. 2007) (quoted case omitted). "Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage do not satisfy the prong." Id. (cited case omitted).

The Court liberally construes plaintiff's complaint because she is proceeding pro se. See Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, pro se pleadings "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff has not established that any of the incidents she complains of had any materially adverse impact on her employment. None of the incidents rise to the level of an adverse employment action. Plaintiff therefore fails to establish a prima facie case of discrimination based on her race, sex, age or disability, and defendant is entitled to summary judgment on these claims.

**B. Retaliation Claims**

To establish a prima facie case of retaliation discrimination, plaintiff must show that: "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action." Jackson v. United Parcel Service, Inc., 548 F.3d 1137, 1142 (8th Cir. 2008) (brackets and quoted case omitted). To establish an adverse employment action in the context of a retaliation claim, plaintiff must demonstrate that a reasonable employee would have found the defendant's actions "materially adverse," meaning they "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Plaintiff alleges that defendant took the actions she complains of because of her earlier protected activity in filing complaints and lawsuits, and for complaining to management about a co-worker and a schedule change which left her to work on a customer service window by herself starting in May 2007. Defendant moves for summary judgment on plaintiff's retaliation claims, asserting that plaintiff has failed to demonstrate the second and third element of the prima facie case.

7

Defendant states that plaintiff does not demonstrate any causal connection between the exercise of her rights under federal anti-discrimination laws and the conduct she complains of in this case. Defendant notes that while plaintiff filed several prior complaints and lawsuits, her last EEO complaint was closed on February 15, 2006, some eighteen months prior to the incidents she complains of in this suit. Defendant states that the timing of an adverse employment action may be relevant in determining whether the motive for the act was unlawful retaliation, citing Kipp v. Missouri Highway and Transportation Commission, 280 F.3d 893, 897 (8th Cir. 2002), but to demonstrate a nexus based on temporal proximity, the period of time separating the events must be very close, citing Clark County School District v. Breeden, 532 U.S. 268, 273-74 (2001). Defendant asserts that the eighteen month gap between the protected activity and the claimed adverse employment action in this case is too substantial to demonstrate a nexus, as such a gap in time weakens an inference of retaliatory motive, citing Hesse v. Avis Rent A Car System, Inc., 394 F.3d 624, 633 (8th Cir. 2005).

Defendant also asserts that plaintiff cannot show she suffered an adverse employment action. Recognizing that the definition of an adverse employment action has been broadened under Burlington Northern and its progeny for the purposes of claims of retaliation, defendant asserts that plaintiff must still demonstrate that a reasonable employee would have found the challenged action materially adverse, meaning it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 548 U.S. at 68. Defendant contends that plaintiff cannot make a showing she was discouraged from filing charges of discrimination as she has filed several EEO complaints, each culminating in a federal lawsuit, and that her past behavior demonstrates she would not be dissuaded from raising claims of discrimination based on defendant's

8

actions in confronting her about a Mystery Shopper incident, informing her that she might be disciplined, and leaving her to work at a customer service window by herself.

Defendant cites the often-quoted principle that federal anti-discrimination laws do not establish a "general civility code for the American workplace," Burlington Northern, 548 U.S. at 68, and that "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id.

Defendant's argument concerning the lack of a causal connection based on temporal proximity ignores plaintiff's allegation in the original complaint that the Mystery Shopper incident occurred within two days after she had complained to local management, on August 13 and 14, 2007, concerning what she believed to be "unfair treatment between myself and another co-worker, Richard Schlogel, a (Caucasian American), (male), and for involvement in prior EEO activity." Complaint at 5. The Court will assume for purposes of this opinion that plaintiff established a causal connection between protected activity and the alleged adverse employment action.

Nonetheless, plaintiff fails to establish a prima facie case of retaliation because she does not establish an adverse employment action. The record reflects that plaintiff was unhappy over the Mystery Shopper incident, the threat of discipline, and being left to work at the customer service window by herself after 5:00 p.m., but there is nothing in the record to even suggest these incidents "created a situation so unbearable or bleak that a reasonable employee would have been dissuaded from complaining about discrimination in such an environment." See Higgins, 481 F.3d at 590. Defendant's motion for summary judgment should therefore be granted on plaintiff's retaliation claims.

### C. Harassment Claims

To establish a prima facie hostile work environment claim for co-worker harassment, plaintiff prove: (1) that she was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus existed between the harassment and her membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. Jenkins v. Winter, 540 F.3d 742, 749 (8th Cir. 2008). To establish a prima facie case of supervisor harassment, plaintiff must prove only the first four elements. Id. at 749-50. "A hostile environment exists when 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Palesch v. Mo. Comm'n on Human Rights, 233 F.3d 560, 566 (8th Cir. 2000) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks and further citation omitted)).

Plaintiff alleges in her complaint that she was subject to a hostile work environment as follows:

> The agency has created, and tolerated a discriminatory hostile work environment with [plaintiff], when [manager] Ms. Kelly changed her original bid, and allowed [co-worker] Mr. Schlogel to end his work day at 5:00 p.m. therefore leaving [plaintiff] on the window by herself, to tolerate with irate and complaining customers. The agency has also allowed "offensive conduct behavior between [plaintiff], and Mr. Schlogel based on [plaintiff], is over the age of forty, a woman, and a minority, that's why [supervisor] Thomasine Branneky, made a comment to [plaintiff] on January 16, 2008 about Mr. Schlogel's behavior, stated that Mr. Schlogel having issues with women and minorities, once again management is fully aware of Mr. Schlogel's prejudice and they allow it. Meanwhile, the agency allowed Ms. Roever [the Mystery Shopper] to make an insult comment about [plaintiff] by stated [sic] that she was rude, which is a form of retaliation hostile environment.

Original Complaint at 2.

The incident which took place on August 16, 2007 was a form of "constructive discharge hostile environment" between [plaintiff], and the three members of management was an example to force [plaintiff] to quit, rather than to discuss the Mystery Shopper evaluation . . . .

Complaint at 3.[2]

Defendant moves for summary judgment on plaintiff's hostile environment claims on the grounds that (1) plaintiff does not make it clear what actions constituted the alleged hostile work environment; (2) plaintiff does not make clear which particular protected class the alleged hostile work environment was based on, and fails to establish a causal link between the alleged hostile work environment and her protected group status; and (3) plaintiff failed to plead any facts to show that the alleged hostile work environment affected a term, condition or privilege of her employment. Defendant states that plaintiff has not alleged that she was disciplined in any way, that her compensation or benefits were changed in any way, or that her working conditions were changed significantly.

---

[2]In her opposition to the motion for summary judgment, plaintiff alleges that another incident of harassment occurred on October 24, 2007, when her co-worker Richard Schlogel was allowed to close his customer service window at 5:15 p.m. to count money for a deposit, and a customer came in with several boxes at 5:40 p.m., which tied plaintiff up for a considerable period of time, allowing a line of customers to form at her window. Plaintiff complains that Mr. Schlogel did not reopen his customer service window to help her, but rather went to the post office lobby to stock supplies, and her supervisor Ms. Thomasine Branneky asked Mr. Schlogel if he was closed even though she saw the customers waiting. After plaintiff finished with the customers she complained to Ms. Branneky, who "went off on me. I just walk away and went to end my clerk day on the window. Then Rich said to me Sherille next time I won't close out I told him to shut up and don't talk to me. Because Rich knew he was wrong and Thomasine too." See attachment dated October 24, 2007, to Plaintiff's Mem. in Opp. to Motion to Dismiss or for Summary Judgment.

As discussed below, defendant asserts that plaintiff failed to exhaust her administrative remedies with respect to this incident. The Court agrees, but includes the factual allegations here to illustrate the nature of the harassment claimed by plaintiff, which it ultimately concludes does not rise to the level of a hostile work environment.

The Court liberally construes plaintiff's complaint because she is proceeding pro se. The Court assumes for purposes of this opinion that plaintiff's claims of hostile work environment are based on the allegations quoted above, and that plaintiff is alleging the harassment is based on her race, sex, age and disability. The Court also assumes for purposes of this opinion that plaintiff alleges she was harassed by her co-worker, Mr. Schlogel, based on her membership in the several protected groups.

The Court agrees with defendant that plaintiff fails to establish that the alleged hostile environment affected a term, condition or privilege of her employment. As defendant observes, plaintiff was not disciplined, nor were her compensation or benefits changed in any way. Although plaintiff complains that her hours were changed from an original schedule of 8:30 a.m. to 5:25 p.m. to a new schedule of 9:30 a.m. to 6:30 p.m., and that her co-worker Mr. Schlogel was allowed to end his work day at 5:00 p.m. leaving her to work alone, there is no evidence in the record to support the contention that this schedule change can rise to the level of a hostile environment sufficient to affect a term, condition or privilege of her employment. "Minor changes in duties or working conditions that do not result in materially significant disadvantage do not meet the standard of an adverse employment action." Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1028 (8th Cir. 2004) (internal quotation marks and quoted case omitted) (holding that summary judgment for defendant was proper where plaintiff alleged retaliation based on, among other things, negative changes in her schedule and assignments). Further, although plaintiff makes the conclusory allegation that Mr. Schlogel harassed her based on her membership in the protected groups, there are no facts in the record to support this allegation.

Hostile work environment claims are limited in nature, and require a high evidentiary showing that the plaintiff's workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris, 510 U.S. at 21 (internal quotation marks and quoted case omitted). See, e.g., Nitsche v. CEO of Osage Valley Elec. Co-op., 446 F.3d 841, 846 (8th Cir. 2006) (requiring hostile work environment plaintiff to "clear a high threshold to demonstrate actionable harm"); Powell v. Yellow Book USA, Inc., 445 F.3d 1074, 1078 (8th Cir. 2006) (holding that "Title VII's purpose is not to smooth the rough edges of our daily discourse, nor to provide a federal cause of action for every slight"); see also O'Brien v. Department of Agriculture, 532 F.3d 805, 810 (8th Cir. 2008) (after protected activity, supervisor subjected plaintiffs to heightened scrutiny, reduced some of their authority, did not allow one to attend training, did not allow one to work from home, denied one a performance award, discussed suspending them, and attempted to institute disciplinary action against them, in addition to interfering with their work, isolating, embarrassing and ostracizing them; the Court of Appeals held that district court properly granted summary judgment to the defendants because the plaintiffs' working conditions were not so severe or pervasive that they rose to the level of a hostile work environment).

The alleged harassment that plaintiff complains of is simply not "'sufficiently severe or pervasive to alter the conditions of the [her] employment and create an abusive working environment.'" Harris, 510 U.S. at 21 (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). Defendant's motion for summary judgment should therefore be granted on plaintiff's hostile work environment claims.

**D. Failure to Exhaust Administrative Remedies**

"Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court." McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995) (citing Brown v. General Services Admin., 425 U.S. 820, 835 (1976)). Failure to exhaust administrative remedies bars a plaintiff from raising the Title VII claims in federal court. Brown, 425 U.S. at 832; Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999).

As a federal employee, plaintiff must follow administrative procedures and exhaust administrative remedies by raising a claim of discrimination in an EEO complaint. The scope of any subsequent federal court action is defined by the claims that were actually filed in the prior EEO complaint or claims that are like or reasonably related to the claims asserted therein. Brown, 425 U.S. at 832; Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986). "The sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan v. Delta Consol. Indus., Inc. 371 F.3d 1020, 1025 (8th Cir. 2004) (internal quotation marks, bracket and quoted case omitted). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Id. (quoting Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000)).

Defendant moves to dismiss several allegations in the complaint on the basis that plaintiff did not include them in her EEO complaint and therefore has failed to exhaust administrative remedies with respect to those claims. Defendant states that the EEO complaint only included claims that plaintiff was discriminated and retaliated against based on (1) the Mystery Shopper evaluation and discussion with management on August 16, 2007; (2) the threat of punishment in connection with the

Mystery Shopper evaluation; and (3) plaintiff's assignment to work the customer service window by herself.

Defendant asserts that the following claims discussed in the complaint are unexhausted: Management took premeditated actions against plaintiff for disclosing information about her coworker; management changed plaintiff's original work schedule bid; management allowed offensive conduct between plaintiff and a coworker; management made a comment to plaintiff on January 16, 2008 about her coworker's behavior; plaintiff was subjected to "constructive discharge hostile environment"; and an incident that occurred on October 24, 2007 involving plaintiff, management, and her coworker.[3] Defendant asserts that plaintiff did not mention these incidents in her underlying EEO complaint, and that these incidents are not like or related to the allegations in her underlying complaint. Defendant contends that the additional incidents are "very different" from the ones alleged in her EEO complaint, and cannot reasonably be expected to grow out of the charge of discrimination. Thus, defendant contends that plaintiff failed to exhaust her administrative remedies as to these incidents and claims related to them should be dismissed.

The Court is mindful that plaintiff filed her EEO complaint pro se, and therefore construes it liberally. Nonetheless, "there is a difference between liberally reading a claim which 'lacks specificity,' . . . and inventing . . . a claim which simply was not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996). Having carefully reviewed plaintiff's EEO complaint, the Court finds that plaintiff did include information in her complaint concerning management's change of her work schedule bid, and the allegation of "constructive discharge hostile environment" is directly related to plaintiff's allegations concerning the Mystery Shopper evaluation on August 16, 2007.

---

[3]The last-mentioned incident is discussed above, at footnote 2.

The Court has already determined, however, that defendant is entitled to summary judgment on plaintiff's claims arising from these incidents.

The other allegations are not included in plaintiff's EEO complaint and are not sufficiently like or related to the allegations contained therein to put the EEOC on notice. Plaintiff's allegations are unexhausted concerning management taking premeditated actions against plaintiff for disclosing information about her coworker; allowing offensive conduct between plaintiff and a coworker; making a comment to plaintiff on January 16, 2008 about her coworker's behavior; and the incident that occurred on October 24, 2007 involving plaintiff, management, and her coworker. As a result, these claims are properly dismissed. Defendant's motion to dismiss these claims for failure to exhaust administrative remedies should therefore be granted.

**Conclusion**.

For the foregoing reasons, the Court will grant defendant's alternative motion for summary judgment on plaintiff's discrimination, retaliation, and hostile work environment claims, and will grant defendant's motion to dismiss plaintiff's claims concerning management taking premeditated actions against plaintiff for disclosing information about her coworker; allowing offensive conduct between plaintiff and a coworker; making a comment to plaintiff on January 16, 2008 about her coworker's behavior; and the incident that occurred on October 24, 2007 involving plaintiff, management, and her coworker.

Accordingly,

**IT IS HEREBY ORDERED** that defendant John E. Potter's Motion to Dismiss, or Alternatively, for Summary Judgment is **GRANTED** as set forth herein. Defendant's alternative motion for summary judgment is **GRANTED** with respect to plaintiff's claims of discrimination,

retaliation and hostile work environment; and defendant's motion to dismiss is **GRANTED** to the extent that plaintiff's unexhausted claims, as detailed in this Memorandum and Order, are **DISMISSED**. [Doc. 7]

An appropriate judgment and order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of February, 2009.