# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERILLE S. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1191 CAS |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on a document filed on April 1, 2009 by pro se plaintiff Sherille S. Harris, titled "Memorandum and Order Appeal." The defendant has not filed a response and the time to do so has passed. The Court will construe this document as a motion for relief from the judgment in this case under Rule 60(b), Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion will be denied.

**Background**

This was an employment discrimination action filed by plaintiff, an employee of the United States Postal Service, alleging discrimination on the basis of her race, sex, age, disability and retaliation. By Memorandum and Order dated February 12, 2009, the Court granted defendant's motion for summary judgment on plaintiff's discrimination, retaliation and hostile work environment claims, and granted defendant's motion to dismiss certain other of plaintiff's claims without prejudice for failure to exhaust administrative remedies.[1]

---

[1]These claims concerned management taking premeditated actions against plaintiff for disclosing information about her coworker; allowing offensive conduct between plaintiff and a

In the instant motion, plaintiff states that she is–

> asking the Court for Reconsideration and [to] continue with the original Case Management Order and that new and material evidence is available that was not readily available when the previous decision was issued; or the previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy; or the decision is of such exceptional nature as to have substantial precedential implications.

Pl.'s Mot. at 2. In support of these conclusory statements in her motion, plaintiff attaches a copy of her initial disclosures under Rule 26(a)(1), dated March 13, 2009. The Court notes that the initial disclosures are dated approximately thirty days after judgment was entered.

**Discussion**

Although plaintiff asks the Court to reconsider its judgment, the Federal Rules of Civil Procedure do not provide for a motion to reconsider. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). The Eighth Circuit has instructed that where a motion to reconsider is made in response to a final order, it should be construed as a motion under Rule 59(e) to alter or amend the judgment. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). A motion to alter or amend judgment under Rule 59(e) must be made within ten (10) days from entry of the challenged ruling, Auto Services Co., Inc. v. KPMG, LLP, 537 F.3d 853, 856 (8th Cir. 2008), and the time for filing such a motion may not be enlarged by the district court. Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980); Fed. R. Civ. P. 59(e), 6(b). Plaintiff's motion was not filed within ten days of the entry of judgment and is untimely. Where a Rule 59(e) motion is untimely the Court lacks jurisdiction to consider it. See Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988). The Court therefore lacks jurisdiction to address plaintiff's motion under Rule 59(e).

---

coworker; making a comment to plaintiff on January 16, 2008 about her coworker's behavior; and an incident that occurred on October 24, 2007 involving plaintiff, management, and her coworker.

The Court must also consider whether plaintiff's motion should be addressed under Rule 60(b), Fed. R. Civ. P. The Eighth Circuit does "not favor recasting postjudgment motions as Rule 60 motions to extend the time for appeal." McGarvin v. United States, 12 F.3d 1102 (8th Cir. 1993) (Table) (unpublished per curiam) (citing Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam), cert. denied, 508 U.S. 975 (1993)). Before a court may treat a post-trial motion filed more than ten days after a final judgment as a Rule 60(b) motion, it must first determine that the motion on its face alleges grounds for relief available under Rule 60. Wilson, 981 F.2d at 989.

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984).

Rule 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Rule 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Rule 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Rule 60(b)(3); the judgment is void, Rule 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Rule 60(b)(5); and any other reason justifying relief from the operation of the judgment, Rule 60(b)(6).

Plaintiff's motion asserts the existence of new and material evidence that was not available when the Memorandum and Order of February 12, 2009 was issued. This implicates Rule 60(b)(2). "To prevail on a . . . Rule 60(b)(2) motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result." Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007). This standard also applies to a motion filed following the grant of summary judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 164 (8th Cir. 1988) (construing a motion for reconsideration and to set aside summary judgment as a motion falling within the terms of Rule 59(e) or 60(b)).

Plaintiff's evidence, in the form of her Rule 26(a)(1) disclosures, fails to establish any of the four necessary criteria listed above for relief under Rule 60(b)(2). Although the initial disclosures were filed with the Court following the grant of summary judgment, there is no showing that the information was discovered after summary judgment or that plaintiff exercised due diligence to discover it prior to judgment. In fact, all of the information contained in the initial disclosures appears to have been in plaintiff's knowledge and possession since the time of the occurrences which formed the basis for this action. In addition, the information in the initial disclosures appears similar to the information plaintiff provided in her opposition filed to defendant's motion to dismiss or in the alternative for summary judgment. See Doc. 10. As stated above, a Rule 60(b) motion is not a vehicle for rearguing the merits of a claim. Finally, the information in the initial disclosures would not result in a different outcome in this case. Plaintiff's post-judgment motion should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Memorandum and Order Appeal," construed as a motion pursuant to Rule 60(b)(2), Fed. R. Civ. P., is **DENIED**.  [Doc. 21]

                                                                    _____
                                                                    **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of April, 2009.